UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT


JASON MOURICE DAY                    :
                                     :            PRISONER
        v.                           :   Case No. 3:06cv155(AWT)
                                     :
JOHN WARREN, et al.[1]               :


RULING ON MOTION TO DISMISS BY DEFENDANTS ALISBERG AND McGAUGHEY

        Plaintiff Jason Mourice Day ("Day"), brings this civil

rights action *pro se* pursuant to 28 U.S.C. § 1915.  He alleges

that the defendants have been deliberately indifferent to his

serious medical needs by denying him special soap and lotion.  He

also alleges that he has been unable to shower since July 1,

2005.  Defendants Alisberg and McGaughey are the staff attorney

and executive director of the Connecticut Office of Protection

and Advocacy for Persons with Disabilities ("the OPA

Defendants").  They have filed a motion to dismiss all claims

against them pursuant to Rule 12(b)(1) and (6), Fed. R. Civ. P.

For the reasons that follow, their motion is being granted.

I.   Standard of Review

        The standards for dismissal under Rule 12(b)(1) and 12(b)(6)

are identical.  See Lerner v. Fleet Bank, N.A., 318 F.2d 113, 128

---

[1]The named defendants are Captain John Warren, Lieutenant
Cappirillo, Dennis Jones, James D. McGaughey, Nancy B. Alisberg,
Warden James E. Dzurenda, Doctor Castro, Doctor O'Haleran, Joan
Dobson, Pat Morris and John Doe.

(2d Cir.), <u>cert. denied</u>, 540 U.S. 1012 (2003).  When considering a Rule 12(b) motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff. <u>See</u> <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974); <u>Flores v. Southern Peru Copper Corp.</u>, 343 F.3d 140, 143 (2d Cir. 2003). Dismissal is inappropriate unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  <u>See</u> <u>Davis v. Monroe County Bd. of Educ.</u>, 526 U.S. 629, 654 (1999); <u>Sweet v. Sheahan</u>, 235 F.3d 80, 83 (2d Cir. 2000).

On a motion to dismiss pursuant to Rule 12(b)(6), the court considers whether the plaintiff has stated a claim upon which relief may be granted.  "'[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'"  <u>York v. Association of Bar of City of New York</u>, 286 F.3d 122, 125 (2d Cir.) (quoting <u>Scheuer</u>, 416 U.S. at 236), <u>cert. denied</u>, 537 U.S. 1089 (2002). In its review of a motion to dismiss, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." <u>Samuels v. Air Transport Local 504</u>, 992 F.2d 12, 15 (2d Cir. 1993).  The Second Circuit "ordinarily require[s] the district courts to give

substantial leeway to pro se litigants." <u>Gomes v. Avco Corp.</u>, 964 F.2d 1330, 1335 (2d Cir. 1992).

Under Rule 12(b)(1), the court must determine whether it has jurisdiction over the subject matter of the complaint.  The party asserting jurisdiction bears the burden of establishing jurisdiction.  <u>See</u> <u>Aurecchione v. Schoolman Transp. Sys., Inc.</u>, 426 F.3d 635, 638 (2d Cir. 2005).  When reviewing a motion to dismiss for lack of subject matter jurisdiction, the court may consider evidence outside the pleadings.  <u>See</u> <u>Makarova v. United States</u>, 201 F.3d 110, 113 (2d Cir. 2000).

II. <u>Facts</u>

The following facts are relevant to the claims against the OPA Defendants.[2]

On February 8, 2005, Day was transferred to Garner Correctional Institution pursuant to the settlement agreement in

---

[2]Day has attached many exhibits to his memoranda in opposition to the motion to dismiss.  When ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court is confined to consideration of the complaint, exhibits attached to the complaint and evidence of which judicial notice may be taken.  <u>See</u> <u>Samuels v. Air Transport Local 504</u>, 992 F.2d 12, 15 (2d Cir. 1993) (when ruling on a motion to dismiss, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken").  Although Rule 12(b) permits the court to transform a motion to dismiss into a motion for summary judgment to enable it to consider additional evidence filed by the parties, the court declines to do so in this case.  In addition, the attached exhibits are not relevant to the issue of the court's jurisdiction under Rule 12(b)(1).  Thus, the court has not considered any of the exhibits attached to Day's memoranda.

OPA v. Choinski, No. 3:03cv1352(RNC).  The agreement was designed to ensure that Connecticut inmates received needed mental health treatment and provided that OPA would monitor inmate mental health records to ensure compliance.

In July 2005, Day wrote to defendants Alisberg and McGaughey complaining that he was being denied special soap and lotion for the dry and cracking skin on his leg.  They took no action in response to his letter of complaint.

On September 20, 2005, defendant Alisberg saw Day at his cell to obtain a release for his mental health records.  Day complained to Alisberg that he did not have special soap and lotion and, therefore, had been unable to shower since July 1, 2005.  He also told defendant Alisberg that he was diabetic.  Day asked her to intervene pursuant to OPA v. Choinski.  Defendant Alisberg told Day that she was there only to obtain the release to ensure that the Department of Correction was in compliance with the settlement agreement.

III. Discussion

The OPA Defendants move to dismiss all claims against them on eight grounds:  (1) all claims against them in their official capacities are barred by the Eleventh Amendment, (2) defendant Alisberg is protected by absolute judicial immunity, (3) Day lacks standing to bring an action against the OPA Defendants arising from the OPA v. Choinski settlement, (4) the court lacks

jurisdiction to entertain claims against the OPA Defendants arising from the OPA v. Choinski settlement, (5) defendant Alisberg is shielded from liability by the doctrine of qualified immunity, (6) defendant McGaughey was not personally involved in the incidents underlying this action, (7) Day has included no specific allegations against defendant McGaughey and (8) the OPA Defendants are not state actors for purposes of 42 U.S.C. § 1983.

A.    State Actor Requirement

Day brings this action pursuant to 42 U.S.C. § 1983.  To state a section 1983 claim, he must demonstrate that a person acting under color of state law deprived him of a federally or constitutionally protected right.  See West v. Atkins, 487 U.S. 42, 48 (1988).  The OPA Defendants contend that, although they are state employees, they are not considered state actors within the meaning of section 1983.  They refer the court to a decision in another case dismissing all section 1983 claims against them. See Day v. Lantz, et al., No. 3:05cv1347(AHN) (D. Conn. Oct. 24, 2005) (partial sua sponte dismissal).[3]

Public employees acting in their official capacity or exercising their responsibilities pursuant to state law generally are considered to be acting under color of state law.  See West, 487 U.S. at 50.  However, the Supreme Court has recognized one

---

[3]The court takes judicial notice of the documents filed in Day v. Lantz, et al., No. 3:05cv1347(AHN).

5

exception to this general rule.  "[A] public defender does not act under color of state law when performing the traditional functions of counsel to a criminal defendant." <u>Polk County v. Dodson</u>, 454 U.S. 312, 317 (1981).  <u>See also</u> <u>Housand v. Heiman</u>, 594 F.2d 923, 924-25 (2d Cir. 1979).  The Court distinguished a public defender from the typical state employee or state actor.  "While performing his duties, the public defender retains all of the essential attributes of a private attorney, including, most importantly, his 'professional independence,' which the State is constitutionally obliged to respect." <u>West</u>, 487 U.S. at 50 (quoting <u>Polk County</u>, 454 U.S. at 321-22).  "[W]hen representing an indigent defendant in a state criminal proceeding, the public defender does not act under color of state law for the purposes of [section] 1983 because he 'is not acting on behalf of the State; he is the State's adversary.'" <u>Id.</u> (quoting <u>Polk County</u>, 454 U.S. at 323 n.13).  <u>See</u> <u>Fine v. City of New York</u>, 529 F.2d 70, 74 (2d Cir. 1975) (private attorney representing defendant in state criminal proceeding did not act under color of state law).  Similarly, attorneys appointed to represent indigent litigants are not considered to be acting under color of state law.  <u>See, e.g.,</u> <u>Peavey v. Polytechnic Institute of New York</u>, 775 F. Supp. 75 (E.D.N.Y. 1991) (private attorney), <u>aff'd</u>, 969 F.2d 1042, <u>cert. denied</u>, 506 U.S. 922 (1992); <u>Neustein v. Orbach</u>, 732 F. Supp. 333 (E.D.N.Y. 1990) (Legal Aid attorney does not act under

6

color of state law (citing <u>Lefcourt v. Legal Aid Society</u>, 445 F.2d 1150, 1157 (2d Cir. 1971)).

As OPA employees, defendants McGaughey and Alisberg provide legal assistance to disabled persons experiencing disability-related discrimination and otherwise advocate for these persons. One of the OPA's objectives for 2005 was to "provide advocacy representation for prisoners with mental illness who are receiving poor mental health treatment from the Connecticut prison system."  P&A Annual Statement of Objectives and Priorities, www.ct.gov.opapd.[4]  As a named plaintiff in <u>OPA v. Choinski</u>, defendant McGaughey represented the interests of mentally ill inmates against the State of Connecticut Department of Correction.  The court concludes that OPA is similar to the Inmates' Legal Assistance Program which provides legal assistance to prisoners in suits against Department of Correction officials regarding conditions of confinement.

Attorneys working for the Inmates' Legal Assistance Program are not state actors under section 1983.   See <u>McCarthy v. Armstrong, et al.</u>, Case No. 3:96cv517 (PCD) (HBF) (D. Conn. May 28, 1998) (ruling granting defendants' motion to dismiss civil rights complaint because program attorney not acting under color of state law).  See also <u>McArthur v. Bell</u>, 788 F. Supp. 706, 710,

---

[4]The court takes judicial notice of the published document available on the OPA website.

n.1 (E.D.N.Y. 1992) (holding that a private attorney generally is not considered a state actor for purposes of section 1983) (citations omitted).

Defendants McGaughey and Alisberg act as private persons in performing OPA's stated objectives of advocating for mentally ill prisoners against the Department of Correction.  Day alleges that, in their capacity as OPA employees, defendants McGaughey and Alisberg failed to take action in response to his letter complaining about the lack of lotion and special soap.  The court concludes that, as OPA employees, defendants McGaughey and Alisberg would not be acting under color of state law.  Thus, Day's section 1983 claims against them necessarily fail.

B.   Action Pursuant to OPA v. Choinski

Even if Day could establish that the OPA Defendants were state actors within the meaning of section 1983, his claims against them fail.

Day's claims against the OPA Defendants are premised on his assumption that the OPA v. Choinski settlement agreement required them to intercede to ensure that he received special soap and lotion for his dry skin.  The OPA Defendants contend that Day lacks standing to bring an action pursuant to the OPA v. Choinski settlement agreement and, even if he could, the court lacks jurisdiction to entertain such an action.

To establish that he has standing to bring a claim against the OPA Defendants for failure to enforce the OPA v. Choinski settlement agreement on his behalf, Day must show that he has a legally protected interest in enforcement of the agreement, that there is a causal connection between the actions of the OPA Defendants and that injury, and that the injury may be redressed by action of this court.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).

The settlement agreement specifically provides that there are no third party beneficiaries to the agreement.  See Defs.' Mem., Doc. #23-1, Ex. B at ¶ 14.  Thus, the agreement affords Day no rights.  Because Day has no right derived from the agreement or individual right to have the agreement enforced, he has not suffered any injury as a result of the alleged failure to enforce the agreement.

Day contends that if he had not been transferred to Garner Correctional Institution, he would not have encountered difficulty obtaining the special soap and lotion.  This argument is tenuous at best.  Day could receive the soap and lotion if correctional medical staff ordered that he receive it.  The failure of the medical staff to do so is the cause of Day's difficulties, not the mere fact of his transfer to Garner Correctional Institution.

In addition, the OPA v. Choinski settlement agreement includes specific provisions describing how grievances may be resolved. See Defs.' Mem., Doc. #23-1, Ex. B at ¶¶ 8-11. Any action for enforcement should be brought by the plaintiffs before the presiding judge. Paragraph 13 of the agreement provided that the court retains jurisdiction over the matter only to ensure that the defendants comply with the obligations they agreed to undertake. Thus, any questions regarding enforcement of the OPA v. Choinski settlement agreement should be made by motion in that case. See Purcell v. Town of Cape Vincent, 281 F. Supp. 2d 469, 474-75 (N.D.N.Y. 2003) (court's retention of jurisdiction to enforce settlement agreement implies that jurisdiction is exclusive); Cahill v. Arthur Anderson & Co., 659 F. Supp. 1115, 1129 (S.D.N.Y. 1986) (noting that judicial economy supports filing action to enforce settlement agreement with judge who presided over case in which settlement was reached).

C.    Supervisory Liability

In addition to the claim pursuant to the OPA v. Choinski settlement agreement, Day alleges that he "filed a formal complaint" with the OPA Defendants, presumably complaining that he was being denied special soap and lotion. In opposition to the motion to dismiss, Day argues that this complaint is sufficient to state a claim against the OPA Defendants under a

10

theory of supervisory liability.  Day's argument fails for two reasons.

First, the OPA has the discretion, but not the obligation, to intervene in situations where a person with a disability experiences improper treatment.  <u>See</u> Conn. Gen. Stat. § 46a-11 ("The director may ...(4) Receive and investigate complaints from persons with disabilities..., act as an advocate for any person with a disability and initiate or fund legal actions to protect the rights of any person with a disability").  Thus, the OPA Defendants have no obligation to intercede on Day's behalf.  Their status is different from Department of Correction employees who have a duty to ensure that Day is not subjected to cruel and unusual punishment under the Eighth Amendment.

Second, the OPA Defendants do not supervise employees of the Department of Correction.  The OPA is a separate office, with the director appointed by the governor.  <u>See</u> Conn. Gen. Stat. § 46a-10.  As a separate entity, the OPA and its employees have no supervisory control over employees of the Department of Correction.  Thus, any claim under a theory of supervisory liability necessarily fails.

*     *     *     *

In light of the discussion above, the court does not reach the OPA Defendants' other arguments.

11

IV.   <u>Conclusion</u>

For the reasons set forth above, State Defendants Nancy B. Alisberg and James D. McGaughey's Motion to Dismiss [**Doc. #23**] is hereby **GRANTED** as to all claims against them.  The case will proceed as to the remaining defendants.

It is so ordered.

Dated this 8th day of November 2006, at Hartford, Connecticut.

_____/s/_____
Alvin W. Thompson
United States District Judge
