UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JASON MOURICE DAY | : |
| | :     PRISONER |
| v. | :     Case No. 3:06cv155(AWT) |
| | : |
| JOHN WARREN, et al. | : |

RULING ON MOTION FOR RECONSIDERATION

The plaintiff seeks reconsideration of the court's ruling granting the motion to dismiss filed by defendants Alisberg and McGaughey. For the reasons that follow, the motion will be granted but the relief requested is being denied.

The standard for granting a motion for reconsideration is strict. Reconsideration will be granted only if the moving party can identify controlling decisions or data that the court overlooked and that would reasonably be expected to alter the court's decision. See Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). The purpose of a motion for reconsideration is to enable the court to correct "manifest errors of law or fact or to consider newly discovered evidence." LoSacco v. City of Middletown, 822 F. Supp. 870, 876-77 (D. Conn. 1993), aff'd, 33 F.3d 50 (2d Cir. 1994).

The court dismissed the claims against defendants Alisberg and McGaughey after concluding that defendants Alisberg and McGaughey were not acting under color of state law. See West v.

Atkins, 487 U.S. 42, 48 (1988) (to state a claim under 42 U.S.C. § 1983, the plaintiff must demonstrate that a person acting under color of state law deprived him of a federally or constitutionally protected right). The court determined that the actions of defendants Alisberg and McGaughey challenged state practices in the same way that actions of a public defender or state-funded civil legal assistance provider, neither of whom are considered state actors, challenge state practices.

The plaintiff argues that the court improperly determined that defendants Alisberg and McGaughey, employees of the Connecticut Office of Protection and Advocacy ("OPA"), are not state actors. The plaintiff states that the standards to determine whether a person qualifies for assistance from OPA is different from the standard to determine whether a person qualifies for assistance from the Office of the Public Defender or the Inmates' Legal Assistance Program. He argues that, because OPA retains complete discretion to determine whether a person will receive assistance, OPA employees should be considered state actors.

Defendants Alisberg and McGaughey were acting as advocates for mentally ill inmates against the Department of Correction. Whether they were required to undertake this representation or did so voluntarily does not alter the fact that they were challenging state practices, not supporting them. The plaintiff

has provided no authority to support his position that a voluntary representation requires a finding that the defendants were acting under color of state law.

Because the plaintiff cannot overcome the determination that defendants Alisberg and McGaughey were not acting under color of state law, the claims against them are not cognizable under 42 U.S.C. § 1983. Because the plaintiff cannot state a claim against defendants Alisberg and McGaughey under section 1983, the court need not address the plaintiff's remaining arguments.[1] The plaintiff's motion for reconsideration [**doc. #29**] is **GRANTED**, but the relief requested is hereby **DENIED**.

It is so ordered.

Dated this 19th day of June 2007, at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge

---

[1] The plaintiff contends, for example, that defendants Alisberg and McGaughey violated his rights under state law. The plaintiff may pursue those claims in state court.